UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **CENTER FOR ORTHOPAEDICS AND SPINE L L C** | **CASE NO.  2:20-CV-01644** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **BLACKBOARD INSURANCE CO** | **MAGISTRATE JUDGE KAY** |

## RULING

The instant lawsuit involves a claim for damages for losses due to business interruption caused by *Hurricane Laura.* On February 4, 2021, the Court held a hearing regarding a Motion for Default Judgment against Defendant Blackboard Insurance Company ("Blackboard") (Doc.11) filed by Plaintiff Center for Orthopaedics and Spine LLC ("Center for Orthopaedics"). As of this date Blackboard has failed to respond to this lawsuit.

## INTRODUCTION

On August 27, 2020, *Hurricane Laura* made landfall in Lake Charles, Louisiana. Center for Orthopaedics was insured by Blackboard under a Businessowners' Policy which provided coverage for lost business income and expenses for the property located at 1747 Imperial Boulevard, Lake Charles, Louisiana 70605.[1] Due to damage of the property and a mandatory evacuation[2] ordered by the governing civil authority, Center for Orthopaedics was unable to operate its business from August 25, 2020, at 12:00 p.m. until Monday,

---

[1] Plaintiff's Exhibit #5, Blackboard Insurance Policy (Doc. 16-2).
[2] The mandatory evacuation was lifted effective at 4:00 p.m. on Friday, September 11, 2020.

September 21, 2020. Center for Orthopaedics contacted Sedgwick, the third-party administrator on August 28, 2020, to put Blackboard on notice of its claim for business interruption.[3] Sometime thereafter, Sedgwick sent a representative to inspect the property.[4]

On November 9, 2020, Center for Orthopaedics provided Blackboard proof of its business loss to Sedgwick Claims Management Services. Center for Orthopaedics relies on two provisions in its policy for the business interruption claim: (1) mandatory evacuation from civil authority, and (2) damage to the building.

Blackboard failed to make any payment to its insured after it submitted proof of loss to the insurer. Consequently, Center for Orthopaedics filed the instant lawsuit on December 17, 2020; Blackboard's answer was due January 11, 2021.[5] Because Blackboard failed to timely answer or file responsive pleadings, the Clerk of Court issued a "Notice of Entry of Default" and Center for Orthopaedics filed a Motion for Default Judgment[6] on January 14, 2021. The Notice required a fourteen (14) day delay before issuance of a default.[7] On January 29, 2021, Center for Orthopaedics filed a Motion for Hearing[8] on the Motion for Default which this Court granted. As of the date of the hearing, Blackboard has not answered, defended or responded to this lawsuit.

---

[3] Transcript, p. 66.
[4] Id. p. 69.
[5] Doc. 6.
[6] Doc. 11.
[7] Doc. 10.
[8] Doc. 12.

## EVIDENCE TO SUPPORT DEFAULT JUDGMENT

At the hearing on the Motion for Default, Center for Orthopaedics presented four witnesses as follows: Bonnie Cappo, Jeffrey Major, Jamie Thibodeaux, and Michael Cox.[9] In addition, Center for Orthopaedics also presented the following evidence:

| | |
|---|---|
| Exhibit 4 | State Farm estimate for JJG Properties dated 10/06/2020[10] |
| Exhibit 5 | Blackboard Insurance Policy |
| Exhibit 6 | Property Loss Notice |
| Exhibit 7 | Email to Sedgwick dated 09/29/2020 |
| Exhibit 8 | Email to Sedgwick dated 10/21/2020 |
| Exhibit 9 | Email to Bonnie Cappo dated 11/2/2020 |
| Exhibit 10 | Proof of loss |
| Exhibit 11 | Email to Bonnie Cappo dated 11/13/2020 |
| Exhibit 12 | CV of Jeffrey Major |
| Exhibit 13 | Evacuation Order |
| Exhibit 14 | Order Lifting Evacuation Order |
| Exhibit 16 | Profit and Loss statements |
| Exhibit 17 | Calculation without non-recoverable payroll |
| Exhibit 18 | 6-month pre-storm average net income |
| Exhibit 19 | Pre-storm average net income calculation (June, July, and August) |
| Exhibit 20 | Continuing normal operating expenses |
| Exhibit 21 | Total Recoverable Loss under policy |
| Exhibit 22 | CV of Jamie Thibodeaux |
| Exhibit 23 | CV of Michael Cox |
| Exhibit 24 | CV of Somer Brown |
| Exhibit 25 | Billable attorney hours |
| Exhibit 26 | Photos of server room |
| Exhibit 27 | Contingency contract |
| Exhibit 28 | Louisiana Department of Insurance Service Information |
| Exhibit 25 | Skyline Invoice for expert Jeffrey Major |
| Exhibit 30 | Proof of Service on Blackboard Insurance Agent |

---

[9] Doc. 15.
[10] Center for Orthopaedics leases the facility from JJG property, thus a different insurer covered the damage claim on the building.

## **LAW AND ANALYSIS**

Louisiana Revised Statute 22:1892 provides that an insurer is obligated to pay any amount due an insured within 30 days after submitting to the insurer its proof of loss. Failure to make such payment subjects the insurer to a penalty of fifty percent of the difference between the amount paid or tendered and the amount found to be due from the insurer to the insured, in addition to the amount of the loss, as well as reasonable attorney fees and costs. Failure to make payments "when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty." Louisiana Revised Statute 22:1892(B)(1).

An insurer's duty of good faith and fair dealing is continuing until the insurer complies with that duty. *Montgomery v. State Farm Fire & Cas. Co.,* 103 So.3d 1222, 1230 (2012). Satisfactory proof of loss is that which is sufficient to fully apprise the insurer of the insured's claim. *Id.* Citing *La. Bag. Co., Inc. v. Audubon Indem. Co.,* 999 So.2d 1104, 1119 (La. 12/2/08).

*Bonnie Cappo*

Bonnie Cappo, the practice manager for Center for Orthopaedics testified about the structure of the business, the start-up of the new entity which was effective March 1st 2020, and the effects of the COVID-19 pandemic on the normal operations and revenues generated in the year 2020 prior to the landfall of *Hurricane Laura.* The purpose of Ms. Cappo's testimony was to explain the financial statements and how the business losses

were calculated. Ms. Cappo also testified about the damage to the building,[11] the HVAC damage which directly impacted the ability to use the server, as well as why it was necessary to have a functional server to operate the business.[12]

Ms. Cappo testified that the business was unable to operate as of the Mandatory evacuation Order on August 25, 2020,[13] but reopened for business on September 21, 2020. Ms. Cappo further explained that even though Center for Orthopaedics re-opened on September 21, 2020, the revenues generated continued to be negatively impacted up until December 2020.[14]

Ms. Cappo testified that on August 28, 2020, she emailed the business interruption claim to Jordan Parnell, of Hub International,[15] and received confirmation that it had been received.[16]

Ms. Cappo testified that once it procured a public adjuster, the Sedgwick representative, Linda Lucas ceased to communicate with Center for Orthopaedics.[17] On November 2, 2020, the public adjuster received a Sworn Statement in Proof of Loss of $50,000[18] from Sedgwick/Blackboard which he forwarded to Ms. Cappo with a request

---

[11] Plaintiff's Exhibit 4, State Farm Damage Estimate.
[12] Transcript, pp. 75-82.
[13] Plaintiff's Exhibit 13.
[14] Id. p. 82.
[15] The Center for Orthopaedics' insurance broker.
[16] Id. p. 84.
[17] Id. p. 90.
[18] Sedgwick wanted Center For Orthopaedics to agree that its claim was only worth $50,000; the Court does not consider this to be a tender offer.

from the carrier that she sign.[19]  Due to the extreme inadequacy of the Offer, Ms. Cappo did not sign the document, but chose to hire legal counsel.[20]

On November 9, 2020, through legal counsel, Proof of Loss was submitted for business interruption loss totaling $2,068,991.95.[21]  On November 13, 2020, Tyler Hawkins,[22] emailed Ms. Cappo and confirmed receipt of the Proof of Loss; the email also inquired further about the Proof of Loss.  Ms. Cappo explained that the email was sent to her Spam folder and she did not discover it until December 17, 2020; she responded on December 18, 2020.[23] Ms. Cappo received no further communications from Mr. Hawkins, Sedgwick or Blackboard.

*Jeffery Major*

Mr. Major is a public insurance adjuster who was hired by Center for Orthopaedics and accepted by the Court as an expert in public insurance adjusting. Mr. Major testified as to both coverage and damages concerning Center for Orthopaedics' claim for business interruption. Mr. Major testified that the Blackboard insurance policy could be interpreted to cover losses for business interruption under both the mandatory evacuation by a civil authority and the damages to the facility which prevented it from conducting daily operations.[24]

---

[19] Id. p. 92. Plaintiff's exhibit 9.
[20] Id.
[21] Id. p. 99.
[22] Mr. Hawkins works for an accounting firm hired by Sedgwick.
[23] Id. pp. 99-100.
[24] Id. pp. 122-128.

Specifically, Mr. Major testified that there was coverage under the policy from August 27, 2020 at 2:00 a.m.,[25] at the earliest and on August 29, 2020 at the latest until September 11, 2020 at 4:00 p.m.[26] Mr. Majors testified that Center for Orthopaedics started their calculations for business interruption loss on September 1, 2020, presumably applying a 72-hour deductible.[27]

Mr. Majors further testified that because only temporary repairs have been completed, technically, the policy provides that it is still under a coverage period for up to 12 consecutive months.[28] He further testified that there is an extended policy coverage for up to 60 days after the permanent repairs are made, and coverage would end on the date that operation returns to the level that would generate the business income that would have existed had the damage not occurred.[29] Center for Orthopaedics claimed business loss interruptions from September 1, 2020 through October 2020.[30] Those losses included lost net income plus operating expenses including payroll, but excluding certain high-level employees, such as officer and executive managers.[31]

Mr. Majors explained his calculations to the Court and determined that the total income loss was $1,183,384.69.[32] Mr. Majors also added in the continuing operating expenses in the amount of $1,296,926.40 as provided in the policy.[33] Plaintiff's counsel

---

[25] Applying the 48- hour deductible.
[26] Id. pp. 127-134.
[27] Id. p. 134; the policy actually provides a 48-hour deductible.
[28] Id. p. 135.
[29] Id. p. 139.
[30] Id. p. 140.
[31] Id. pp. 140-146.
[32] Id. pp. 155-156; Plaintiff's Exhibit 19.
[33] Id. pp. 156-157; Plaintiff's Exhibits 17 and 20.

offered Exhibit 21 as proof of loss of business interruption for a total amount of $2,480,311.09.

*Jamie Thibodeaux*

Jamie Thibodeaux is the Accountant for Center for Orthopaedics and testified as an expert in accounting. Mr. Thibodeaux confirmed the accuracy of the Profit and Loss Statements used to calculate the business operating loss and the expenses calculated for the total recoverable business interruption loss.[34]

*Michael Cox*

Michael Cox is an attorney for Cox, Cox, Filo, Camel & Wilson, L.L.C. and was hired by Center for Orthopaedics to pursue its business interruption claim. Mr. Cox testified about the nature of the *Hurricane Laura* and *Delta* claims being handled by his law firm as well as the increased workload due to the numerous claims being filed. Mr. Cox testified about the reconstruction of hours worked and the billable rate of $300 per hour on this specific case considering that the attorneys' fees are calculated on a contingency fee basis.[35] Mr. Cox testified that the firm negotiated a contingency fee of 20 percent as opposed to their normal 30% contingency fee due to the nature and size of this particular claim.[36] Mr. Cox also testified that the law firm was rejecting or referring out personal

---

[34] Id. pp. 162-166.
[35] Id. pp. 168-171.
[36] Id. pp. 172-173.

injury cases to other law firms and foregoing these bread and butter cases due to the vast number of hurricane cases they were handling.[37]

Mr. Cox also testified that he had correctly served the agent for service of process for Blackboard Insurance through the Louisiana Secretary of State which he also confirmed as being correct with the Louisiana Department of Insurance.[38]

## **RULING**

After extensive questions by counsel and the undersigned, and reviewing all of the evidence submitted by Plaintiff's counsel, the Court finds that Blackboard insurance failed to timely make a payment within the statutory period mandated by Louisiana Revised Statute 22:1892 after the Center for Orthopaedics submitted it Proof of Loss on November 9, 2020. In fact, the Court finds that Blackboard failed to communicate with its insured, failed to sufficiently investigate its claim and/or unjustifiably ignored the claim. The Court is further bewildered as to Blackboard's complete failure to answer this lawsuit. The Court finds that this behavior is not only reprehensible, but is clearly arbitrary and capricious, and without probable cause.

Considering the testimony and documents presented, the Court finds that Center for Orthopaedics has proven its claim for business interruption loss in the total amount of $2,480,311.09, which the Court further finds is covered by the Blackboard insurance policy.

---

[37] Id. p. 174.
[38] Plaintiff's Exhibits 24 (Doc. 16-24), 30 (Doc. 17-1); Executed Summons served 12/21/2020 (Doc. 6).

The language of Louisiana Revised Statute 22:1892 mandates a 50% penalty when an insurer fails to pay its insured within 30 days after proof of loss is submitted to the insurer. The Center for Orthopaedics submitted a Proof of Loss November 9, 2020, in the amount of $2,068,991.50.[39] Based on the testimony and evidence, the Court is convinced that Satisfactory Proof of Loss was submitted to Blackboard. The Court finds that because Blackboard failed to timely pay the business interruption loss, failed to investigate the claim and/or even communicate with its insured, Center for Orthopaedics is entitled to the 50% penalty. Even though the business interruption loss is calculated and proven to be $2,480,311.09, the Court will award a penalty of $1,034,495.75 which is 50% of the Proof of Loss submitted to Blackboard on November 9, 2020.[40]

Plaintiff's counsel is seeking an attorney's fee award based on its 20% contingency fee contract with its client. However, the amount of attorney's fees to be determined by the Court must be a reasonable fee based on the work involved in the case and the complexity of the case. The Court finds that a reasonable attorney fee would be $310,348.73 calculated as 10% of the amount of the Proof of loss ($2,068,991.50) plus the 50% penalty ($1,034,495.75), or 10% of $3,103,487.25.

## **CONCLUSION**

For the reasons set forth above, the Court will grant the Motion for Default and award Judgment in favor of Center for Orthopaedics and Spine, LLC and against Blackboard Insurance Company as follows:

---

[39] Plaintiff's Exhibit 10.
[40] $2,068,991.50 X .50 = $1, 034.495.75.

| | |
|---|---|
| Business Interruption damages | $2,480,311.09 |
| Penalty | $1,034,495.75 |
| Attorney's fees | $310,348.73 |
| TOTAL AWARD | $3,825,155.57 |

**THUS DONE AND SIGNED** in Chambers, on this 10th day of February, 2021.

JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE